UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DILIGENT CORPORATION, a Delaware corporation,

                Plaintiff,

        -against-

DILITRUST SAS, a French société par actions simplifiée,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ECF CASE**

Case No.   1:18-cv-9239

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, UNJUST ENRICHMENT, AND ACCOUNTING**

**JURY DEMAND**

Plaintiff Diligent Corporation ("Diligent" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint for Trademark Infringement, Unfair Competition, Dilution, Unjust Enrichment, and Accounting against Defendant DiliTrust SAS ("Defendant"), and avers as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     Diligent is a Delaware corporation located and doing business at 1385 Broadway, 19th Floor New York, New York 10018. Aside from in the United States, Diligent has offices across North and South America, Europe, Africa, Asia-Pacific, and the Middle East.

2.     Upon information and belief, Defendant is a French société par actions simplifiée, with a principal place of business at Les Collines de l'Arche, 76 route de la Demi-Lune, 92057, Paris La Défense Cedex, France. Defendant also has an office located at 161 Bay Street, 27th floor, Toronto, Ontario, M5J 2S1, Canada. Defendant is a subsidiary of EQUITY S.A., a French société anonyme, with a principal place of business at Les Saisons de l'Arche, 76 route de Demi-Lune, 92057, Paris La Défense Cedex, France. Upon information and belief, Defendant has offices in North America, Europe, and the Middle East.

3.      This is an action for trademark infringement and unfair competition under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, *et seq*., accounting under 15 U.S.C. § 1117, dilution under New York General Business Law § 360-l, and trademark infringement, unfair competition, and unjust enrichment under New York common law.

4.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114, and federal unfair competition pursuant to 15 U.S.C. § 1125(a).  This court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between Diligent and Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      The Court has supplemental jurisdiction over the claims of Diligent arising under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because these claims are so related to the claims of Diligent under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.      The Court has personal jurisdiction over Defendant consistent with the principles underlying the United States Constitution and the State of New York because, among other things, Defendant transacts business and contracts to supply goods or services in New York and has committed the tort of trademark infringement in New York, as well as outside of New York, causing injury to Diligent within New York.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant transacts business and contracts to supply goods or services in New York County,

New York and has committed the tort of trademark infringement in New York County, New York, as well as outside of New York, causing injury to Diligent in New York County, New York, where a substantial part of the events or omissions giving rise to the claims occurred and are occurring.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

**DILIGENT'S VALUABLE RIGHTS**

8.      Diligent is an internationally-renowned software-as-a-service company that enables board members of corporations, government organizations, and not-for-profit groups to share information and collaborate in connection with board meetings and other board-related matters.  Specifically, Diligent offers the world's leading secure, electronic business records management software services, including but not limited to electronic board management and general corporate governance documents, board meeting minutes, board assessment tools, entity management, organization compliance, secure messaging, and Director and Officer questionnaires ("General Diligent Goods & Services").   In connection therewith, Diligent uses in interstate commerce and owns the trademarks DILIGENT and DILIGENT BOARDBOOKS and variations thereof, including several United States trademark registrations set forth below (the "DILIGENT Trademarks").  Since as early as 1999, Diligent, then known as Diligent Board Member Services, Inc. before formally changing its name to Diligent in 2015, has continuously used the DILIGENT Trademarks in interstate commerce.

9.      Diligent owns at least three United States trademark registrations for the DILIGIENT Trademarks, with a date of first use at least as early as 1999.

10.     Diligent has duly and properly registered the DILIGENT Trademarks in the United States Patent and Trademark Office ("USPTO") on the Principal Register.

11.     Diligent filed its federal trademark application for DILIGENT for "business records management; provision of electronic document management services, namely, electronic document and records management services, electronic document indexing, computerized file management; computerized document management" in International Class 35, on April 25, 2008, with a claimed date of first use of 1999.  This registration issued on December 9, 2008, as Registration No. 3543383.  This United States Trademark Registration was deemed incontestable by the USPTO on March 13, 2014.  A true and correct copy of this incontestable United States Trademark Registration No. 3543383 is attached hereto as **Exhibit 1**.

12.     Diligent filed its federal trademark application for DILIGENT BOARDBOOKS for "providing business records management services via a web-based browser enabling the electronic upload of encrypted board and other meeting materials for secure access to such materials over the internet by executives, directors, board members and others" in International Class 35, on February 11, 2009, with a claimed date of first use of February 27, 2002.  This registration issued on February 2, 2010, as Registration No. 3743927.  This United States Trademark Registration was deemed incontestable by the USPTO on May 27, 2015.  A true and correct copy of this incontestable United States Trademark Registration No. 3743927 is attached hereto as **Exhibit 2**.

13.     Diligent filed its federal trademark application for DILIGENT for "downloadable software featuring an Internet portal enabling remote storage of and access to business and meeting materials by customers; downloadable software for the purpose of enabling customers to conveniently store, access, compile, distribute, annotate, update, edit, review, vote on, and execute business and meeting materials; downloadable instant messaging, file sharing, and communications software for electronically exchanging data, images and graphics via computer,

mobile, wireless, and telecommunications networks" in International Class 9 and "providing an Internet portal enabling remote storage of and access to business and meeting materials by customers; Computer services, namely, enabling customers to conveniently store, access, compile, distribute, annotate, update, edit, review, vote on, and execute business and meeting materials through the use of software-as-a-service; Software as a service (SAAS) services, namely, hosting software for use by others for use in enabling customers to store, access, view, compile, distribute, annotate, update, vote on, execute, and edit business and meeting materials, including corporate governance materials, online or via the Internet; software as a service (SAAS) services featuring software for online instant messaging, file sharing, and communications software for electronically exchanging data, images and graphics via computer, mobile, wireless, and telecommunications networks" in International Class 42, on March 10, 2017, with a claimed date of first use of October 12, 2002.  This registration issued on December 19, 2017, as Registration No. 5358558.  A true and correct copy of this United States Trademark Registration No. 5358558 is attached hereto as **Exhibit 3**.

14.     The services listed in Diligent's United States Trademark Registrations for the DILIGENT and DILIGENT BOARDBOOKS marks, specifically U.S. Reg. Nos. 5358558, 3543383, and 3743927 (collectively hereinafter, together with the DILIGENT Trademarks, the "DILIGENT Marks"), are hereinafter, together with the "General Diligent Goods & Services," referred to as the "Diligent Goods & Services."

15.     The United States Trademark Registrations referenced above, and attached hereto as Exhibits 1 through 3, are valid and subsisting and provide conclusive evidence of the right of Diligent to use the DILIGENT Marks in commerce.  Further, Diligent's United States Trademark Registration Nos. 3543383 and 3743927 referenced above, and attached hereto as Exhibits 1 and

2, are valid and incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and are therefore conclusive evidence of the validity of the registered marks and of the registration of the marks, of the ownership of the marks by Diligent, and of the exclusive right to use the registered marks in commerce by Diligent under Section 33 of the Lanham Act, 15 U.S.C. § 1115.  As such, Diligent's incontestable United States Trademark Registrations confer exclusive use of the DILIGENT Marks throughout the United States in connection with the Diligent Goods & Services.

16.     Diligent has extensively used the DILIGENT Marks and has advertised, promoted, and offered the Diligent Goods & Services under the DILIGENT Marks in interstate commerce through various channels of trade.  As a result, the customers and potential customers of Diligent, and the public in general, have come to know and recognize the DILIGENT Marks as identifying the Diligent Goods & Services as goods and services of the highest quality offered by Diligent, and associate the DILIGENT Marks with the Diligent Goods & Services.  Diligent has, thus, built up extensive and invaluable goodwill in connection with the sale of its goods and services under the DILIGENT Marks.

17.     Diligent has used the DILIGENT Marks for almost twenty years, and has invested significant amounts of time, money, and effort in advertising and promoting the DILIGENT Marks.  Diligent's advertisements are seen around the world online at Diligent's website located at  https://diligent.com/ ("Diligent's Website"), as well as in print and online publications globally, including *The Wall Street Journal*, *ICSA Canada*, *Arabian Business*, *Management Scope*, *ADAR*, *CIO*, *Byte*, and *Board Agenda*.  Diligent has also been featured in many case studies and white papers concerning best corporate practices, available at

https://diligent.com/resources, on Diligent's Website.   Diligent also advertises on social media sites such as Facebook, YouTube, Twitter, and LinkedIn.

18.     Diligent's mission is to lead corporate business and legal professionals globally by setting the highest standards for business records management software.  Corporate business and legal professionals recognize the DILIGENT Marks as the definitive standard for corporate business and meeting management software.

19.     The DILIGENT Marks are well-known among the general public as signifying the Diligent Goods & Services, and have been well-known since long before Defendant began engaging in the complained of conduct in this Complaint.

## DEFENDANT'S WRONGFUL CONDUCT

20.     Upon information and belief, Defendant is offering for sale compliance and corporate diligence software services ("Defendant's Services") branded under the mark DILITRUST.  In October 2017, however, Defendant's parent EQUITY S.A. acquired a direct competitor of Diligent, RÉSEAU C.A, which offered board portal and board document management services under the mark LEADING BOARDS.

21.     After EQUITY S.A's acquisition of RÉSEAU C.A, Defendant immediately added the board portal and board document management services ("Infringing Services"), previously offered under the non-infringing LEADING BOARDS brand, to Defendant's Services and began offering these new services under the mark DILITRUST EXEC in direct competition with the Diligent Goods & Services offered under the DILIGENT Marks.  At the same time, Defendant also re-branded the names of several other Infringing Services to DILI-formative names, including VISUAL SIGN, which became DILITRUST EBAM.  A true and correct copy of a press release regarding EQUITY S.A.'s acquisition of RÉSEAU C.A and Defendant's re-brand is attached hereto as **Exhibit 4.**

22.     Defendant's use of any DILI-formative mark in connection with the Infringing Services infringes upon the DILIGENT Marks ("Infringing Marks").

23.     While the parties have previously coexisted in the marketplace, Defendant has recently added the Infringing Services to the scope of Defendant's Services.  Indeed, Defendant appears to have intentionally expanded its services offered under the DILITRUST mark to cause a likelihood of confusion among consumers.

24.     Further, on August 28, 2017, Defendant filed in the USPTO a foreign-based federal trademark application under Section 66(a) of the Lanham Act, 15 U.S.C. §1141(f), for DILITRUST for the following services:

(i)     Electronic writing and reading tablets; Computer software namely computer software for application and database integration for downloading, sharing and storing of data, audio and video in the field of corporate governance in the legal, financial and management matters; Downloadable computer software for downloading sharing and storing audio, video and data files in the field of corporate governance in the legal, financial and internal control matters; Downloadable computer software applications for downloading sharing and storing audio, video and data files in the field of corporate governance in the legal, financial and internal control matters in International Class 9;

(ii)     arranging subscriptions to telecommunication services for others; Advertising services in International Class 35;

(iii)     Electronic data exchanges services namely providing multiple-user access to a global computer information network for data exchange;

Transmission of audio, video, and multimedia files and data by means of telecommunication networks, wireless communication networks, and the internet; Information about telecommunications; Provision of on-line forums for users for the sharing and transmission of information and electronic media concerning the legal, financial and internal control matters; Electronic bulletin board services being telecommunications services; Providing telecommunications connections to a global computer network in International Class 38; and

(iv)    Conducting of technical project studies in the nature of technical research in the field of corporate governance in the legal, financial and internal control matters; Design and development of computer software; Development being design, Installation, maintenance, updating and rental of computer software; Computer system design services; Software as a service (SAAS) featuring software for downloading sharing and storing audio, video and data files for use in in the field of corporate governance in the legal, financial and internal control matters; Cloud computing featuring software for use in data storage in the field of corporate governance in the legal, financial and internal control matters; Computer and computer software consultancy; Electronic data storage and electronic data backup services; Servers hosting; Engineering surveying; Scientific and technical research in the field of development of management tools; Hosting of computerized data, files, application and information in the nature of hosting of internet sites for others in the legal, financial and

internal control matters in International Class 42 ("Infringing Application").

Defendant claims a priority date of March 23, 2017 for the Infringing Application. A true and correct copy of this United States Trademark Application Serial No. 79224817 is attached hereto as **Exhibit 5**.

25.     Notwithstanding Diligent's exclusive and long-standing rights in and to the DILIGENT Marks, and well after 2008, the earliest federal trademark registration date for the DILIGENT Marks, Defendant's recent use of the Infringing Marks in connection with the Infringing Services has progressively encroached on the DILIGENT Marks.

26.     Indeed, there have been recent incidents of confusion in this judicial District, including consumers contacting Diligent after having received sample material from Defendant for the Infringing Services offered under the Infringing Marks, noting that they had mistakenly confused Defendant for Diligent, only discovering the mistake after they had eliminated Defendant from consideration. In addition, Defendant even hired a former Diligent employee who then contacted Diligent customers about Defendant's Infringing Services offered for sale under the Infringing Marks, generating confusion. Further, Defendant has been attending the same trade shows as Diligent around the country, and even been set up right beside Diligent, prompting consumers to ask about the relationship between Diligent and Defendant. Finally, in April 2018, Defendant copied Diligent's Website homepage photograph as shown below, leading to further confusion among consumers:

Diligent's Website:



A page on Defendant's website, located at https://www.dilitrust.com/en/ ("Defendant's Website"), as of April 2018:



27.     Prior to Diligent's filing of the Complaint in this action, Diligent made good faith efforts to resolve this matter amicably with Defendant, including lawyer-to-lawyer and business-to-business settlement correspondence and discussions.  Nevertheless, it appears that Defendant has no intention of resolving this matter amicably in a way to avoid confusion, but instead appears to be moving forward with expanding its business under the Infringing Marks in

connection with the Infringing Services.  As a result, Diligent has no choice but to commence this action.

28.      Defendant uses and intends to use the Infringing Marks in connection with the Infringing Services without the authorization of Diligent, thereby confusing consumers as to the source of the goods and services and resulting in damage and detriment to Diligent and its reputation and goodwill.

29.      Consumers are likely to believe mistakenly that Defendant is affiliated or connected with, or otherwise authorized or sponsored by Diligent.  Thus, Defendant's misleading conduct is likely to harm consumers.

30.      Defendant's use of the Infringing Marks in connection with the Infringing Services is confusingly similar to Diligent's DILIGENT Marks used in connection with the Diligent Goods & Services in appearance, sound, meaning, and commercial impression.

31.      The Infringing Services are closely related to the Diligent Goods & Services.

32.      Defendant's use of the Infringing Marks in connection with the Infringing Services trades off the goodwill of Diligent's DILIGENT Marks and is without permission or license from Diligent.

33.      Defendant advertises the Infringing Services under the Infringing Marks, which are confusingly similar to the DILIGENT Marks.  Both Parties utilize the same or similar channels of trade and customers.

34.      Defendant advertises the Infringing Services under the Infringing Marks at Defendant's Website,  and through a downloadable mobile app called DILITRUST EXEC.  True and correct copies of screenshots from Defendant's Website and the DILITRUST EXEC app are attached hereto as **Exhibit 6**.

35.     Upon information and belief, Defendant knew or had reason to know of the DILIGENT Marks and Diligent Goods & Services at the time Defendant commenced use of the Infringing Marks in connection with the Infringing Services.

36.     Upon information and belief, Defendant intentionally adopted and uses the Infringing Marks in connection with the Infringing Services so as to create consumer confusion and traffic off Diligent's reputation and goodwill under the DILIGENT Marks used in connection with the Diligent Goods & Services.

37.     Diligent has used its DILIGENT Marks continuously on or in connection with the Diligent Goods & Services in interstate commerce prior to the date Defendant commenced use of the Infringing Marks in connection with the Infringing Services.

38.     Accordingly, the DILIGENT Marks clearly establish that Diligent has senior trademark rights in its family of DILIGENT Marks and consequently there is no question of priority of rights, as such priority clearly belongs to Diligent.

### FIRST CLAIM FOR RELIEF
### <u>(Federal Trademark Infringement – 15 U.S.C. § 1114)</u>

39.     Diligent repeats and realleges each and every allegation contained in Paragraphs 1 through 38 above, as if set forth herein in full.

40.     Defendant's Infringing Marks used in connection with the Infringing Services are substantially indistinguishable from the DILIGENT Marks used in connection with the Diligent Goods & Services in appearance, sound, meaning, and commercial impression that the use and registration thereof is likely to cause confusion, mistake, and deception as to the source or origin of the Infringing Marks, and will injure and damage Diligent and the goodwill and reputation symbolized by the DILIGENT Marks.

41.     The Infringing Services offered under the Infringing Marks are so related to the Diligent Goods & Services offered under the DILIGENT Marks, that the public is likely to be confused, deceived, and to assume erroneously that the Infringing Services are those of Diligent or that Defendant is in some way connected with, licensed, or sponsored by or affiliated with Diligent, all to Diligent's irreparable damage, as well as the public's detriment.

42.     Likelihood of confusion is enhanced by the fact that the DILIGENT Marks are strong, well-known, and entitled to a broad scope of protection.

43.     Likelihood of confusion is even further enhanced by the fact that Diligent and Defendant market and will likely market their goods and services in the same or similar channels of trade and to the same or similar classes of consumers.

44.     Defendant is not affiliated or connected with Diligent and has not been endorsed or sponsored by Diligent, nor has Diligent approved any of the Infringing Services offered or sold or intended to be sold by Defendant under the Infringing Marks.

45.     Defendant has never sought or obtained the permission of Diligent to use the Infringing Marks in connection with the Infringing Services, nor has Diligent approved any of the Infringing Services offered under the Infringing Marks.

46.     Diligent's United States Trademark Registrations identified above provide, at the very least, constructive notice to Defendant of the rights of Diligent in and to the DILIGENT Marks.

47.     Defendant's use of the Infringing Marks in connection with the Infringing Services is likely to cause confusion, mistake, or deception of consumers as to the source of origin or sponsorship of the goods and services, in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114.

EAST\158195900.2

48.     Consumers are likely to purchase or engage the Infringing Services being offered under the Infringing Marks believing them to be those of Diligent, thereby resulting in a loss of goodwill and economic harm to Diligent.  Indeed, as provided herein, there have already been incidents of actual confusion.

49.     Upon information and belief, Defendant intentionally adopted and uses the Infringing Marks in connection with the Infringing Services so as to create consumer confusion and traffic off Diligent's reputation and goodwill under the DILIGENT Marks.

50.     Diligent is informed and believes, and on that basis, alleges that Defendant has derived unlawful gains and profits from its infringing use of the Infringing Marks in connection with the Infringing Services.

51.     The goodwill of Diligent's business under the DILIGENT Marks is of great value, and Diligent will suffer irreparable harm should Defendant's infringement be allowed to continue to the detriment of the trade reputation and goodwill of Diligent for which damage Diligent cannot be adequately compensated at law.

52.     Diligent has no control over the quality of the goods and services offered by Defendant.  Thus, the great value of the DILIGENT Marks is subject to damage by an entity Diligent cannot control.

53.     Unless enjoined by this Court from so doing, Defendant will continue to engage in its acts of infringement, to the irreparable damage and injury of Diligent.

54.     Upon information and belief, Defendant has engaged in acts of infringement, with knowledge of Diligent's exclusive rights in and to the DILIGENT Marks in connection with the Diligent Goods & Services, and Defendant continues in such acts of intentional infringement, thus entitling Diligent to an award of treble its actual damages, Defendant's profits, plus

attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b).

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition and False Designation of Origin and**
**False and Misleading Representations – 15 U.S.C. § 1125(a))**

55.     Diligent repeats and realleges each and every allegation contained in Paragraphs 1 through 54 above, as if set forth herein in full.

56.     Defendant's use of the Infringing Marks in connection with the Infringing Services constitutes unfair competition and a false designation of origin or false or misleading description or representation of fact, which is likely to deceive customers and prospective customers into believing that the Infringing Services offered for sale under the Infringing Marks are those of Diligent in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Defendant's actions cause or are likely to cause confusion or mistake among the public as to the true origin and sponsorship of the Infringing Services offered for sale under the Infringing Marks, and to confuse the public into believing that the Infringing Services have the approval of Diligent, or are otherwise affiliated, connected, associated with, or sponsored by Diligent, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Indeed, as provided herein, there have already been incidents of actual confusion.

58.     Diligent has no control over Defendant and the nature and quality of the Infringing Services offered for sale under the Infringing Marks in connection with the Infringing Services.  Any failure, neglect, or default of Defendant in providing goods and services will reflect adversely on Diligent.

59.     Upon information and belief, Defendant intentionally adopted and uses the Infringing Marks in connection with the Infringing Services so as to create consumer confusion and traffic off Diligent's reputation and goodwill under the DILIGENT Marks.

60. Diligent is informed and believes, and on that basis, alleges that Defendant has derived unlawful gains and profits from its infringement of the DILIGENT Marks.

61. The goodwill of Diligent's business under the DILIGENT Marks is of great value, and Diligent will suffer irreparable harm should Defendant's acts of unfair competition, and false representation and designations, be allowed to continue, to the detriment of the trade reputation and goodwill of Diligent for which damage Diligent cannot be adequately compensated at law.

62. Diligent has no control over the quality of the goods and services offered by Defendant. Thus, the value of the DILIGENT Marks is subject to damage by an entity it cannot control. Unless enjoined by this Court from so doing, Defendant will continue to engage in acts of unfair competition, and false representation and designation, to the irreparable damage and injury of Diligent, as well as the public's detriment.

63. Upon information and belief, from the outset, Defendant has engaged in acts of unfair competition, and false representation and designation, with knowledge of the exclusive rights of Diligent in and to the DILIGENT Marks in connection with closely related goods and services, and Defendant continues in such acts of unfair competition, false representation and designation, in violation of 15 U.S.C. § 1125(a), thus entitling Diligent to an award of its actual damages, Defendant's profits, plus attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### (Trademark Infringement And Unfair Competition
### Under the State of New York Common Law)

64. Diligent repeats and realleges each and every allegation contained in Paragraphs 1 through 63 above, as if set forth herein in full.

65.     Diligent owns and enjoys common law rights in the State of New York and elsewhere in the United States in and to the DILIGENT Marks for the Diligent Goods & Services.  Diligent is the exclusive owner of the common law trademark rights in the DILIGENT Marks.  No license or authorization has been granted to Defendant to use any of these marks, or variations thereon.

66.     Defendant, with full knowledge of the public awareness and value of the DILIGENT Marks, has traded off and misappropriated the reputation and valuable goodwill of the DILIGENT Marks in the State of New York and acted in a manner that has created and will continue to create a likelihood of confusion and mistake as to the source of the Infringing Services.  By falsely suggesting a connection with or sponsorship by Diligent, Defendant's acts are likely to lead the public to believe mistakenly that the Infringing Services are in some way associated with, connected with, or sponsored by Diligent, to the detriment of Diligent, and without Diligent's authorization.    Defendant's activities constitute unfair competition, misappropriation of the goodwill of Diligent, and palming off.

67.     Upon information and belief, Defendant intentionally adopted and uses the Infringing Marks in connection with the Infringing Services so as to create consumer confusion and traffic off Diligent's reputation and goodwill under the DILIGENT Marks.

68.     Diligent is informed and believes and, on that basis, alleges that Defendant has derived unlawful gains and profits from its unlawful acts, and will continue to do so, as alleged above, and has caused loss, injury, and damage to Diligent, its goodwill, and the DILIGENT Marks, in an amount as yet unknown but to be proven at trial.

69.     Unless enjoined by this Court from so doing, Defendant will continue its conduct of passing off and engaging in acts of unfair competition and cause irreparable damage and

injury to Diligent's goodwill, business identity and reputation as well as the public's detriment. Diligent is therefore entitled to a permanent injunction enjoining and restraining Defendant from use of the Infringing Marks or any other mark that is confusingly similar to the DILIGENT Marks, in connection with the Infringing Services.

**FOURTH CLAIM FOR RELIEF**
**(Dilution Under New York Gen. Bus. Law § 360-l)**

70.     Diligent repeats and realleges each and every allegation contained in Paragraphs 1 through 69 above, as if set forth herein in full.

71.     The DILIGENT Marks are inherently distinctive, and/or have acquired distinction and strong secondary meaning through extensive, continuous, and exclusive use of the DILIGENT Marks, long before Defendant began its unauthorized activities.

72.     The DILIGENT Marks are distinctive within the meaning of N.Y. Gen. Bus. Law § 360-l.

73.     Defendant's use of the Infringing Marks in connection with the Infringing Services has caused and is likely to cause dilution to the distinctive quality of the DILIGENT Marks and injury to Diligent's business reputation in violation of N.Y. Gen. Bus. Law § 360-l.

74.     Defendant's acts complained of herein are likely to damage Diligent irreparably. Diligent has no adequate remedy at law for such wrongs and injuries.  The damage to Diligent includes harm to its trademarks, goodwill, and reputation that money cannot compensate. Diligent is entitled to injunctive relief enjoining Defendant's use of the Infringing Marks or any marks confusingly similar thereto or dilutive thereof in connection with the promotion, advertisement and sale of the Infringing Services.

75.     Diligent is further entitled to recover from Defendant the actual damages sustained by Diligent as a result of Defendant's wrongful acts.   Diligent is presently unable to

- 19 -

ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of dilution.

76.     Diligent is further entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of it wrongful acts.  Diligent is presently unable to ascertain the extent of the gains, profits and advantages Defendant has realized by reason of Defendant's acts of dilution.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment Under the State of New York Common Law)

77.     Diligent repeats and realleges each and every allegation contained in Paragraphs 1 through 76 above, as if set forth herein in full.

78.     Defendant has and retains a benefit which in equity and good conscience belongs to Diligent.

79.     Defendant's acts complained of herein have conferred a benefit upon Defendant at Diligent's expense and to Diligent's loss and detriment.

80.     Defendant has unjustly obtained said benefit at Diligent's expense and to Diligent's loss and detriment.

81.     By Defendant's actions herein, Defendant continues to accept and retain benefits at Diligent's expense, loss, and detriment.

82.     As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched and Diligent has been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, Diligent will continue to suffer injury and damage, and equity and good conscience militate against permitting Defendant to continue to accept and retain benefits at Diligent's expense, loss, and detriment.

## SIXTH CLAIM FOR RELIEF
### (Accounting)

83.     Diligent repeats and realleges each and every allegation contained in Paragraphs 1 through 82 above, as if set forth herein in full.

84.     Diligent is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendant that are attributable to the acts of infringement and unfair competition.

85.     Diligent is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendant's acts of infringement and unfair competition.

86.     The amount of money due from Defendant to Diligent is unknown to Diligent and cannot be ascertained without a detailed accounting by Defendant of the precise revenues received under the Infringing Marks used in connection with the Infringing Services.

## ALLEGATION OF DAMAGE COMMON TO ALL CLAIMS FOR RELIEF

87.     Diligent repeats and realleges each and every allegation contained in Paragraphs 1 through 86 above, as if set forth herein in full.

88.     Diligent has suffered, is suffering, and will continue to suffer irreparable harm and damage as a result of Defendant's wrongful conduct.  Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to the irreparable damage of the business and reputation of Diligent.  Diligent's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

## PRAYER FOR RELIEF

WHEREFORE, Diligent respectfully prays the Court:

1.     Order Defendant never to file for any trademark for or incorporating the Infringing Marks, the DILIGENT Marks, or any other designation that is confusingly similar to the DILIGENT Marks in connection with the Infringing Services;

2.     Enter a judgment against Defendant that Defendant has committed and is committing acts of trademark infringement in violation of the rights of Diligent under 15 U.S.C. § 1114;

3.     Enter a judgment against Defendant that Defendant has willfully infringed the registered trademark rights of Diligent in and to the DILIGENT Marks under 15 U.S.C. § 1114;

4.     Enter a judgment against Defendant that Defendant has committed and is committing acts of false designation of origin, false or misleading description of fact, or false or misleading representation in violation of the rights of Diligent under 15 U.S.C. § 1125(a);

5.     Enter a judgment designating this action an exceptional case entitling Diligent to an award of its reasonable attorneys' fees incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

6.     Enter a judgment against Defendant that Defendant has engaged in trademark infringement and unfair competition and deceptive practices in violation of the State of New York common law;

7.     Enter a judgment against Defendant that Defendant has willfully diluted the distinctive quality of the DILIGENT Marks under N.Y. Gen. Bus. Law § 360-l;

8.     Enter a judgment against Defendant that Defendant has been unjustly enriched at Diligent's expense in violation of the State of New York common law;

9.     Issue preliminary and permanent injunctive relief against Defendant, and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and restrained from:

(i)     imitating, copying, or making any other infringing use of the DILIGENT Marks, the Infringing Marks, and any other mark now or hereafter confusingly similar to the DILIGENT Marks, in connection with the Infringing Services;

(ii)    manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the DILIGENT Marks, the Infringing Marks, or any mark confusingly similar thereto, in connection with the Infringing Services;

(iii)   using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any service has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Diligent, when such is not true in fact, in connection with the Infringing Services;

(iv)    using the names, logos, or other variations thereof of the DILIGENT Marks or the Infringing Marks in any of Defendant's trade or corporate names in connection with the Infringing Services;

(v)     engaging in any other activity constituting an infringement of the DILIGENT Marks, or of the rights of Diligent in, or right to use or to exploit the DILIGENT Marks; and

(vi)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v) above;

10.     Order Defendant, at its own expense, to recall all marketing, promotional and advertising materials that bear or incorporate the Infringing Marks, or any mark confusingly similar to the DILIGENT Marks, in connection with the Infringing Services, which have been distributed, sold, or shipped, by Defendant or on its behalf, and to reimburse all customers from which said materials are recalled;

11.     Order Defendant to destroy all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing the Infringing Marks in connection with the Infringing Services, and/or any simulation, reproduction, copy, or colorable imitation thereof, and all plates, molds, matrices, and any other means of making the same;

12.     Order Defendant to publish notice to all customers or members of the trade who may have seen or heard of Defendant's use of the Infringing Marks in connection with the Infringing Services, which notice shall disclaim any connection with Diligent and shall advise them of the Court's injunction order and of Defendant's discontinuance from all use of the Infringing Marks in connection with the Infringing Services;

13.     Order Defendant to file with this Court and to serve upon Diligent within thirty (30) days after service upon Defendant of an injunction in this action, a written report by Defendant, under oath, setting forth in detail the manner in which Defendant has complied with the injunction;

14.     Order Defendant to pay the costs of corrective advertising;

15.     Order Defendant to hold in trust, as constructive trustee for the benefit of Diligent, its profits obtained from its provision of the Infringing Services offered for sale under the Infringing Marks;

16.     Order Defendant to provide Diligent a full and complete accounting of all amounts due and owing to Diligent as a result of Defendant's illegal activities;

17.     Order Defendant to pay the general, special, actual, and statutory damages of Diligent as follows:

(i)     Diligent's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendant's willful violation of the federally registered trademarks of Diligent; and

(ii)    Diligent's damages and Defendant's profits pursuant to the State of New York common law;

18.     Order Defendant to pay to Diligent both the costs of this action and reasonable attorneys' fees incurred by Diligent in prosecuting this action pursuant to 15 U.S.C. § 1117(a); and

19.     Award such other and further relief as the Court deems just and proper.

EAST\158195900.2

Dated:  October 9, 2018                    DLA PIPER LLP (US)

By: /s/ Ashley H. Joyce
    Ashley H. Joyce (NY Bar No.
    4757076)
    Ryan C. Compton (DC Bar No.
    491305, *pro hac vice* application
    pending)
    500 8th Street, NW
    Washington, DC  20004
    Telephone: 202-799-4000
    Facsimile: 202-799-5000
    ashley.joyce@dlapiper.com
    ryan.compton@dlapiper.com

    *Attorneys for Plaintiff*
    *Diligent Corporation*

**DEMAND FOR JURY TRIAL**

Diligent demands a trial by jury as to all issues so triable pursuant to Rule 38 of the

Federal Rules of Civil Procedure.

Dated: October 9, 2018                               DLA PIPER LLP (US)


                                                     By: /s/ Ashley H. Joyce
                                                          Ashley H. Joyce (NY Bar No.
                                                          4757076)
                                                          Ryan C. Compton (DC Bar No.
                                                          491305, *pro hac vice* application
                                                          pending)
                                                          500 8th Street, NW
                                                          Washington, DC 20004
                                                          Telephone: 202-799-4000
                                                          Facsimile: 202-799-5000
                                                          ashley.joyce@dlapiper.com
                                                          ryan.compton@dlapiper.com

                                                          *Attorneys for Plaintiff*
                                                          *Diligent Corporation*

# EXHIBIT 1

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,543,383

Registered Dec. 9, 2008

## SERVICE MARK
### PRINCIPAL REGISTER

# DILIGENT

DILIGENT BOARD MEMBER SERVICES, INC.
  (DELAWARE CORPORATION)
310 FIFTH AVE, 7TH FLOOR
NEW YORK, NY 10001

  FOR: BUSINESS RECORDS MANAGEMENT;
PROVISION OF ELECTRONIC DOCUMENT MAN-
AGEMENT SERVICES, NAMELY, ELECTRONIC
DOCUMENT AND RECORDS MANAGEMENT
SERVICES, ELECTRONIC DOCUMENT INDEXING,
COMPUTERIZED FILE MANAGEMENT; COMPU-
TERIZED DOCUMENT MANAGEMENT, IN CLASS
35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0-0-1999; IN COMMERCE 0-0-1999.

  THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

  SER. NO. 77-458,415, FILED 4-25-2008.

ZACHARY BELLO, EXAMINING ATTORNEY

# EXHIBIT 2

# United States of America
## United States Patent and Trademark Office

## DILIGENT BOARDBOOKS

**Reg. No. 3,743,927**
Registered Feb. 2, 2010

**Int. Cl.: 35**

**SERVICE MARK**
**PRINCIPAL REGISTER**

DILIGENT BOARD MEMBER SERVICES, INC. (DELAWARE CORPORATION)
39W 37TH STREET
NEW YORK, NY 10018

FOR: PROVIDING BUSINESS RECORDS MANAGEMENT SERVICES VIA A WEB-BASED BROWSER ENABLING THE ELECTRONIC UPLOAD OF ENCRYPTED BOARD AND OTHER MEETING MATERIALS FOR SECURE ACCESS TO SUCH MATERIALS OVER THE INTERNET BY EXECUTIVES, DIRECTORS, BOARD MEMBERS AND OTHERS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 2-27-2002; IN COMMERCE 2-27-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,543,383.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BOARDBOOKS", APART FROM THE MARK AS SHOWN.

SER. NO. 77-668,666, FILED 2-11-2009.

ELI HELLMAN, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# EXHIBIT 3

# United States of America

## United States Patent and Trademark Office

# DILIGENT

**Reg. No. 5,358,558**

**Registered Dec. 19, 2017**

**Int. Cl.: 9, 42**

**Service Mark**

**Trademark**

**Principal Register**

Diligent Corporation (DELAWARE CORPORATION)
1385 Broadway, 19th Floor
New York, NEW YORK 10018

CLASS 9: Downloadable software featuring an Internet portal enabling remote storage of and access to business and meeting materials by customers; downloadable software for the purpose of enabling customers to conveniently store, access, compile, distribute, annotate, update, edit, review, vote on, and execute business and meeting materials; downloadable instant messaging, file sharing, and communications software for electronically exchanging data, images and graphics via computer, mobile, wireless, and telecommunications networks

FIRST USE 10-12-2002; IN COMMERCE 10-12-2002

CLASS 42: Providing an Internet portal enabling remote storage of and access to business and meeting materials by customers; Computer services, namely, enabling customers to conveniently store, access, compile, distribute, annotate, update, edit, review, vote on, and execute business and meeting materials through the use of software-as-a-service; Software as a service (SAAS) services, namely, hosting software for use by others for use in enabling customers to store, access, view, compile, distribute, annotate, update, vote on, execute, and edit business and meeting materials, including corporate governance materials, online or via the Internet; software as a service (SAAS) services featuring software for online instant messaging, file sharing, and communications software for electronically exchanging data, images and graphics via computer, mobile, wireless, and telecommunications networks

FIRST USE 10-12-2002; IN COMMERCE 10-12-2002

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 3743927, 3543383

SER. NO. 87-366,837, FILED 03-10-2017



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT 4



# RÉSEAU C.A and EQUITY Join Forces to Become DILITRUST

A new name to better reflect the group's international positioning



f  🐦  in  G+  📌  |  @ Email  |  🖶 Print Friendly  |  ◁ Share

*October 27, 2017 09:46 ET* | **Source:** Leading Boards

MONTREAL, Oct. 27, 2017 (GLOBE NEWSWIRE) -- RÉSEAU C.A and EQUITY, software solution providers in corporate governance and long-time strategic partners, today announced their alliance and the adoption of their new common name, DILITRUST.

The new name and associated strategy were presented to all North American customers at the User Conferences taking place in Montreal and Toronto on October 24 and 26, which brought together nearly 100 people.

This change forms part of the two companies' international growth policy. With its new name, DiliTrust Group is stating more clearly its commitment to agility, reactivity and trust, and confirming its ambition: to be the leader in governance solutions.

"An identity change was the logical outcome of our development and transformation," said Yves Garagnon, CEO of DiliTrust. "This new name expresses our values and reflects our international growth targets. With offices in several major geographical areas and customers in over 40 countries, we needed a meaningful name that represented our scope of activity and the quality of our services. To this end, the DiliTrust brand will help accelerate our development."

For these same reasons, the service offer is also evolving. The solution formerly known as **Leading Boards** will now be superseded by the DiliTrust brand, followed by a term representing the functional area covered, becoming **DiliTrust Exec**.

The group's other solutions will also be undergoing name changes and are available immediately on the North American market:

- Visual Scope and Corpolex are now **DiliTrust Governance**
- Visual Sign is now **DiliTrust eBam**

- Dataroom is now **DiliTrust Data Room**
- OpenTrust MFT is now **DiliTrust MFT**

The new names and logos are presented in full at <u>www.dilitrust.com</u>.

**About DiliTrust**

DiliTrust, a software solutions provider offers a complete range of solutions and services dedicated to **corporate governance** in the legal, financial and internal control areas. The DiliTrust offer includes:

- **DiliTrust Governance,** a collaborative platform for the management of legal operations, centralizing and organizing corporate legal data.
- **DiliTrust Exec**, an intuitive and user-friendly digitization solution for boards of directors and committees.
- **Electronic datarooms** for a secure exchange of confidential data with the **DiliTrust Data Room** service offer.
- A simple tool for the secure transfer of sensitive and heavy files with **DiliTrust MFT**.

Known for its expertise in this field, DiliTrust is committed each day to its 500 customers in over 40 countries, providing support to their managers in achieving their goals in terms of regulatory compliance, operational efficiency, transparency and legal and financial communications.

Major groups in North America, Europe (over half of the CAC 40 companies) and the Middle East put their trust in DiliTrust: Almarai, Accor, Altran, Royal Bank of Canada, BNP Paribas, Bouygues, Capgemini, Chalhoub, EDF, Engie, Eurazeo, Eutelsat, Koç, LVMH, MAF Retail, Pernod Ricard, Renault, Rexel, Safran, Sanofi, Société Générale, Tereos, TF1, Veolia Environnement, City of Montreal, Vivendi and others.

DiliTrust has offices in Montreal, Toronto, Paris, Dubai and Milan.

For more information, visit <u>www.dilitrust.com</u>

---

**Newswire Distribution Network & Management**

- Home
- Newsroom
- RSS Feeds
- Legal
- Contact Us

ABOUT US

**GlobeNewswire** is one of the world's largest newswire distribution networks, specializing in the delivery of corporate press releases financial disclosures and

multimedia content to the media, investment community, individual investors and the general public.

© 2018 GlobeNewswire, Inc. All Rights Reserved.

# EXHIBIT 5

## REQUEST FOR EXTENSION OF PROTECTION

## SERIAL NUMBER: 79224817

## FILING DATE: 08/28/2017

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **MARK SECTION** | |
| IMAGE | \\TICRS\EXPORT17\IMAGEOUT17\792\248\79224817\xml1\APP0002.JPG |
| COLLECTIVE, CERTIFICATE OR GUARANTEE MARK | NO |
| MARK IN STANDARD CHARACTERS | YES |
| MARK IN COLOR | NO |
| THREE DIMENSIONAL MARK | NO |
| SOUND MARK | NO |
| TM IMAGE: COLOR | Grey Scale |
| IMAGE FILE NAME | \\TICRS\EXPORT17\IMAGEOUT17\792\248\79224817\xml1\APP0002.JPG |
| TYPE (IMAGE TYPE) | JPG |
| TEXTUAL ELEMENTS OF MARK | DILITRUST |
| **HOLDER DETAILS** | |
| CLIENT IDENTIFIER | 1067429 |
| NOTIFICATION LANGUAGE | FRENCH |
| NAME | EQUITY |
| ADDRESS | 76 route de la Demi-Lune, |
| | Les Collines de l'Arche |
| | F-92057 PARIS LA DÉFENSE CEDEX |
| COUNTRY | France |
| ENTITLEMENT DOMICILED | FR |
| LEGAL NATURE | Société par actions simplifiée |
| LEGAL NATURE: PLACE INCORPORATED | France |
| CORRESPONDENCE INDICATOR | YES |
| **BASIC GOODS AND SERVICES** | |
| VERSION OF NICE CLASSIFICATION USED | 11 |
| NICE CLASSIFICATION | 09 |
| GOODS AND SERVICES | Data processing equipment; computers; electronic tablets; smartphones; computer peripheral devices; virtual reality helmets; software (recorded programs); downloadable audio and video data and files; computer programs [downloadable software]; downloadable computer software applications; apparatus for recording, transmission or reproduction of sound or images; magnetic recording media, compact disks, DVDs and other digital recording media. |
| NICE CLASSIFICATION | 35 |

| | |
|---|---|
| GOODS AND SERVICES | Arranging subscriptions to telecommunication services (for others); computerized file management services; compilation and systematization of information and data in computer databases; business meeting planning; updating and maintenance of data in computer databases; computer file management services; advertising; commercial business management; commercial administration; office functions; dissemination of advertising material (leaflets, prospectuses, printed matter, samples); newspaper subscription services (for others); arranging subscriptions to telecommunication services for others; business management and organization consultancy; accounting; document reproduction; employment agencies; organization of exhibitions for commercial or advertising purposes; public relations; company auditing (commercial analyses). |
| NICE CLASSIFICATION | 38 |
| GOODS AND SERVICES | Radio communications; telephone communications; rental of telecommunication apparatus; transmission of digital files; provision of access to data or documents stored electronically in central files for the purpose of remote consultation; electronic data exchange services; electronic exchange of data stored in databases accessible via telecommunication networks; provision of real-time access to private and secure electronic communications on a computer network; transmission of audio, video and multimedia files and data; telecommunications; information on telecommunications; communications by computer terminals or by fiber-optic networks; provision of user access to global computer networks; provision of on-line forums; provision of access to databases; electronic bulletin board services (telecommunication services); connection by telecommunications to a global computer network; teleconferencing services; videoconferencing services; electronic messaging services; rental of access time to global computer networks. |
| NICE CLASSIFICATION | 42 |
| GOODS AND SERVICES | Conducting of technical project studies; design and development of software; development (design), installation, maintenance, updating or rental of software; computer programming; computer system analysis; computer system design; software as a service [SaaS]; cloud computing; computer and software consultancy; electronic data storage and backup services; digitization of documents; information technology (IT) consultancy; hosting of servers; information technology (IT) consultancy; surveying (engineering work); scientific and technical research; hosting of computerized data, files, applications and information. |

## PARIS PRIORITY DETAILS

| | |
|---|---|
| PARIS PRIORITY CODE: | France |
| PARIS PRIORITY APPLICATION NUMBER | 4348493 |
| PARIS PRIORITY APPLICATION DATE | 03/23/2017 |

## BASE REGISTRATION DETAILS

| | |
|---|---|
| BASE REGISTRATION NUMBER | 4348493 |
| BASE REGISTRATION DATE | 07/13/2017 |
| BASE APPLICATION NUMBER | 4348493 |
| BASE APPLICATION DATE | 03/23/2017 |

## REPRESENTATIVE DETAILS

| | |
|---|---|
| CLIENT IDENTIFIER | 1031666 |
| NAME | CABINET LAVOIX |
| ADDRESS | 2 place d'Estienne d'Orves |
| | F-75441 Paris Cedex 09 |
| COUNTRY | France |

## INTENT TO USE GROUP

| | |
|---|---|
| CONTRACTING PARTY CODE | United States of America |

## DESIGNATIONS

| | |
|---|---|
| DESIGNATIONS UNDER THE PROTOCOL | United States of America |

## INTERNATIONAL REGISTRATION DETAILS

| | |
|---|---|
| INTERNATIONAL REGISTRATION NUMBER | 1384318 |
| INTERNATIONAL REGISTRATION DATE OF MARK | 08/28/2017 |
| INTERNATIONAL REGISTRATION EXPIRY DATE | 08/28/2027 |
| EFFECTIVE DATE OF MODIFICATION | 08/28/2017 |
| NOTIFICATION DATE | 01/11/2018 |
| DATE OF RECORDAL IN INTERNATIONAL REGISTER | 12/26/2017 |
| IB DOCUMENT ID | 1091193501 |
| OFFICE OF ORIGIN CODE | France |
| OFFICE REFERENCE | 79224817 |
| TRANSACTION TYPE VALUES | Initial Designation |
| ORIGINAL LANGUAGE | FRENCH |
| INSTRUMENT UNDER WHICH CONTRACTING PARTY IS DESIGNATED | Protocol |
| DURATION OF MARK (YEARS) | 10 |



October 5, 2018We believe the recent Trademark Status and Document Retrieval (TSDR) outages have been resolved. There is a possibility you may still experience intermittent outages. If you still need assistance accessing a document, **email teas@uspto.gov There are two alternative ways to receive bulk data from TSDR.**

**STATUS**    **DOCUMENTS**                                                                    Back to Search         Print

**Generated on:** This page was generated by TSDR on 2018-10-09 14:45:55 EDT

**Mark:** DILITRUST

# DILITRUST

**US Serial Number:** 79224817                          **Application Filing Date:** Aug. 28, 2017

**Register:** Principal

**Mark Type:** Trademark, Service Mark

**TM5 Common Status Descriptor:** LIVE/APPLICATION/Under Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and that this application has been assigned to an examiner.

**Status:** A final Office action refusing registration has been sent (issued) because the applicant neither satisfied nor overcame all requirements and/or refusals previously raised. The applicant may respond by filing (1) a request for reconsideration; and/or (2) an appeal to the Trademark Trial and Appeal Board. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Jul. 16, 2018

## ▾ Mark Information                                                                         ▴ Collapse All

**Mark Literal Elements:** DILITRUST

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## ▾ Related Properties Information

**International Registration Number:** 1384318

**International Registration Date:** Aug. 28, 2017

## ▾ Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
• Brackets [..] indicate deleted goods/services;
• Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
• Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Conducting of technical project studies in the nature of technical research in the field of corporate governance in the legal, financial and internal control matters; Design and development of computer software; Development being design, Installation, maintenance, updating and rental of computer software; Computer system design services; Software as a service (SAAS) featuring software for downloading sharing and storing audio, video and data files for use in in the field of corporate governance in the legal, financial and internal control matters; Cloud computing featuring software for use in data storage in the field of corporate governance in the legal, financial and internal control matters; Computer and computer software consultancy; Electronic data storage and electronic data backup services; Servers hosting; Engineering surveying; Scientific and technical research in the field of development of management tools; Hosting of computerized data, files, application and information in the nature of hosting of internet sites for others in the legal, financial and internal control matters

**International Class(es):** 042 - Primary Class          **U.S Class(es):** 100, 101

**Class Status:** ACTIVE

**Basis:** 66(a)

**For:** Electronic data exchanges services namely providing multiple-user access to a global computer information network for data exchange; Transmission of audio, video, and multimedia files and data by means of telecommunication networks, wireless communication networks, and the internet; Information about telecommunications; Provision of on-line forums for users for the sharing and transmission of information and electronic media concerning the legal, financial and internal control matters; Electronic bulletin board services being telecommunications services; Providing telecommunications connections to a global computer network

**International Class(es):** 038 - Primary Class          **U.S Class(es):** 100, 101, 104

**Class Status:** ACTIVE

**Basis:** 66(a)

| | |
|---|---|
| For: | Arranging subscriptions to telecommunication services for others; Advertising services |
| International Class(es): | 035 - Primary Class |
| Class Status: | ACTIVE |
| Basis: | 66(a) |

U.S Class(es): 100, 101, 102

| | |
|---|---|
| For: | Electronic writing and reading tablets; Computer software namely computer software for application and database integration for downloading, sharing and storing of data, audio and video in the field of corporate governance in the legal, financial and management matters; Downloadable computer software for downloading sharing and storing audio, video and data files in the field of corporate governance in the legal, financial and internal control matters; Downloadable computer software applications for downloading sharing and storing audio, video and data files in the field of corporate governance in the legal, financial and internal control matters |
| International Class(es): | 009 - Primary Class |
| Class Status: | ACTIVE |
| Basis: | 66(a) |

U.S Class(es): 021, 023, 026, 036, 038

## ▾ Basis Information (Case Level)

| Filed Use: | No | Currently Use: | No | Amended Use: | No |
|---|---|---|---|---|---|
| Filed ITU: | No | Currently ITU: | No | Amended ITU: | No |
| Filed 44D: | No | Currently 44D: | No | Amended 44D: | No |
| Filed 44E: | No | Currently 44E: | No | Amended 44E: | No |
| Filed 66A: | Yes | Currently 66A: | Yes | | |
| Filed No Basis: | No | Currently No Basis: | No | | |

## ▾ Current Owner(s) Information

| | |
|---|---|
| Owner Name: | DILITRUST |
| Owner Address: | 76 route de la Demi-Lune<br>Les Collines de l'Arche F-92057 PARIS LA DÉFENSE CEDEX<br>FRANCE |
| Legal Entity Type: | Société par actions simplifiée |

State or Country Where Organized: FRANCE

## ▾ Attorney/Correspondence Information

**Attorney of Record**

| | |
|---|---|
| Attorney Name: | Carlynn Ferguson Davis |
| Attorney Primary Email Address: | mail@iphorgan.net |

Docket Number: CLV 0539 US

Attorney Email Authorized: Yes

**Correspondent**

| | |
|---|---|
| Correspondent Name/Address: | Carlynn Ferguson Davis<br>IpHorgan Ltd.<br>195 North Arlington Heights Rd.<br>Suite 125<br>Buffalo Grove, ILLINOIS UNITED STATES 60089 |
| Phone: | 8478085500 |
| Correspondent e-mail: | mail@iphorgan.net |

Correspondent e-mail Authorized: Yes

**Domestic Representative - Not Found**

## ▾ Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jul. 16, 2018 | NOTIFICATION OF FINAL REFUSAL EMAILED | |
| Jul. 16, 2018 | FINAL REFUSAL E-MAILED | |
| Jul. 16, 2018 | FINAL REFUSAL WRITTEN | 92985 |
| Jul. 06, 2018 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Jul. 06, 2018 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Jul. 06, 2018 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |

| May 31, 2018 | CHANGE OF NAME/ADDRESS REC'D FROM IB | |
| Feb. 16, 2018 | REFUSAL PROCESSED BY IB | |
| Jan. 26, 2018 | NON-FINAL ACTION MAILED - REFUSAL SENT TO IB | |
| Jan. 26, 2018 | REFUSAL PROCESSED BY MPU | 68359 |
| Jan. 20, 2018 | APPLICATION FILING RECEIPT MAILED | |
| Jan. 19, 2018 | NON-FINAL ACTION (IB REFUSAL) PREPARED FOR REVIEW | |
| Jan. 18, 2018 | NON-FINAL ACTION WRITTEN | 92985 |
| Jan. 16, 2018 | ASSIGNED TO EXAMINER | 92985 |
| Jan. 16, 2018 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Jan. 11, 2018 | SN ASSIGNED FOR SECT 66A APPL FROM IB | |

## ▼ International Registration Information (Section 66a)

| | | | |
|---|---|---|---|
| International Registration Number: | 1384318 | International Registration Date: | Aug. 28, 2017 |
| Priority Claimed Flag: | Yes | Date of Section 67 Priority Claim: | Mar. 23, 2017 |
| Intl. Registration Status: | REQUEST FOR EXTENSION OF PROTECTION PROCESSED | Date of International Registration Status: | Jan. 11, 2018 |
| Notification of Designation Date: | Jan. 11, 2018 | Date of Automatic Protection: | Jul. 11, 2019 |
| International Registration Renewal Date: | Aug. 28, 2027 | | |
| First Refusal Flag: | Yes | | |

## ▼ TM Staff and Location Information

**TM Staff Information**

| | | | |
|---|---|---|---|
| TM Attorney: | TORRES, ELIANA ANDREA | Law Office Assigned: | LAW OFFICE 110 |

**File Location**

| | | | |
|---|---|---|---|
| Current Location: | TMO LAW OFFICE 110 - EXAMINING ATTORNEY ASSIGNED | Date in Location: | Jul. 16, 2018 |

## ▲ Assignment Abstract Of Title Information

## ▲ Proceedings - None recorded

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Oct 9 05:21:01 EDT 2018*

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP]

[Logout] Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

[TSDR] [Assign Status] [TTAB Status] *( Use the "Back" button of the Internet Browser to return to TESS)*

# DILITRUST

| | |
|---|---|
| **Word Mark** | DILITRUST |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Electronic writing and reading tablets; Computer software namely computer software for application and database integration for downloading, sharing and storing of data, audio and video in the field of corporate governance in the legal, financial and management matters; Downloadable computer software for downloading sharing and storing audio, video and data files in the field of corporate governance in the legal, financial and internal control matters; Downloadable computer software applications for downloading sharing and storing audio, video and data files in the field of corporate governance in the legal, financial and internal control matters

IC 035. US 100 101 102. G & S: Arranging subscriptions to telecommunication services for others; Advertising services

IC 038. US 100 101 104. G & S: Electronic data exchanges services namely providing multiple-user access to a global computer information network for data exchange; Transmission of audio, video, and multimedia files and data by means of telecommunication networks, wireless communication networks, and the internet; Information about telecommunications; Provision of on-line forums for users for the sharing and transmission of information and electronic media concerning the legal, financial and internal control matters; Electronic bulletin board services being telecommunications services; Providing telecommunications connections to a global computer network

IC 042. US 100 101. G & S: Conducting of technical project studies in the nature of technical research in the field of corporate governance in the legal, financial and internal control matters; Design and development of computer software; Development being design, Installation, maintenance, updating and rental of computer software; Computer system design services; Software as a service (SAAS) featuring software for downloading sharing and storing audio, video and data files for use in in the field of corporate governance in the legal, financial and internal control matters; Cloud computing featuring software for use in data storage in the field of corporate governance in the legal, financial and internal control matters; Computer and computer software consultancy; Electronic data storage and electronic data backup services; Servers hosting; Engineering surveying; Scientific and technical research in the field of development of management tools; Hosting of computerized data, files, application and information in the nature of hosting of internet sites for others in the legal, financial and internal control matters |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 79224817 |
| **Filing Date** | August 28, 2017 |
| **Current Basis** | 66A<br>66A |

| | |
|---|---|
| **Original Filing Basis** | |
| **International Registration Number** | 1384318 |
| **Owner** | (APPLICANT) DILITRUST Société par actions simplifiée FRANCE 76 route de la Demi-Lune Les Collines de l'Arche F-92057 PARIS LA DÉFENSE CEDEX FRANCE |
| **Attorney of Record** | Carlynn Ferguson Davis |
| **Priority Date** | March 23, 2017 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| **HOME** | **SITE INDEX** | **SEARCH** | **eBUSINESS** | **HELP** | **PRIVACY POLICY** |

# EXHIBIT 6



# The Leader in Governance Solutions

**FIND YOUR SOLUTION →**

      

## Find the Right Solution for You

Corporate Governance ? Secure Data Sharing ? Corporate Legal Solutions ?

My business ▾          I want to ▾          **DISCOVER OUR OFFERS**

## A Reference Publisher

DiliTrust has been a publisher and software integrator for more than 20 years and offers a full range of solutions and services dedicated to Corporate Governance and the sharing of confidential documents. More than 640 customers in 43 countries are using our solutions to improve their performance.









### Corporate Governance

Our governance software ensures controlled solutions for internal, financial and legal activities at the heart of corporate governance.

SEE OUR SOLUTIONS



### Confidential Document Exchange

Our software solutions enable the secure sharing and storing of confidential documents.

SEE OUR SOLUTIONS

DISCOVER OUR SOLUTIONS

## DiliTrust Caters to Your Expert Needs

Whatever your field, DiliTrust offers you the tools you need, customised according to your business.

BANKING

LEGAL

BOARD OF DIRECTORS




Ensuring transparency and compliance in the management of bank accounts is a priority in the context of the financial crisis that has shaken the corporate world in recent years. Financial controls must reflect theseheightened obligations for financial departments. DiliTrust developed the DiliTrust eBAM solution to centralise the management of financial information and to ensure complete control of all banking relationships in a secure and highly functional way.

## The DiliTrust Blog

Topical and technical: our blog offers insights into current business trends, new research and explains how our solutions can help







**BLOG**    05.10.2018

### Six Ways to Accomplish More Effective and Productive Meetings

READ MORE

**BLOG**    28.09.2018

### Canadian Corporate Governance: Different Structures, Different Needs

READ MORE

**BLOG**    26.09.2018

### Misconceptions in the Middle East About Adopting Cloud Technology

READ MORE

READ OUR BLOG    CONTACT AN EXPERT

Each solution we design is devised, developed and updated according to the needs of our customers.

This close partnership encourages continuous innovation and creativity that benefits everyone: we strive to integrate new developments and updates for all our customers.

ABOUT OUR GROUP

## Our Latest News

Discover more about our latest events and press releases.





**EVENTS**    02.07.2018

### CU Leadership Convention

Latest Tweets

DiliTrust è lieta di partecipare come sponsor agli @ih_community Awards che si svolgeranno a Milano il 15 Ottobre....

twitter.com/i/web/status/1



@DiliTrust_
About 11 hours ago





LEGAL COMMUNITY WEEK

**EVENTS**                                                      23.08.2018

**"The Governance Professional…20 Years On" : The 20th Annual Governance Professionals of Canada Conference 2018**

**EVENTS**                                    28.06.2018

**Society for Corporate Governance 2018 National Conference**

**EVENTS**                                    30.05.2018

**Legal Community Week**

READ MORE

SEE OUR LATEST NEWS

## Why Choose DiliTrust?



**Software Expertise**

As a specialist software publisher, we aim to harness technology and your business needs to create functional solutions that enable you to succeed

LEARN MORE



**Solution A-Z**

Our solutions include tailor made packages for your business to equip you and your team with training and 24/7 support

LEARN MORE



**Data Security**

DiliTrust Exec is ISO 27001 certified along with a whole host of systematic security systems to best protect your data

LEARN MORE



**Budget Control**

All our products are available via a controlled subscription plan

LEARN MORE

How can we help you?

CONTACT US! 

 DILITRUST

**CONTACT**

Europe
North America
Middle East

**SOLUTIONS**

DiliTrust Governance
DiliTrust Exec
DiliTrust Data Room
DiliTrust eBAM
DiliTrust MFT
DiliTrust Letreco

**FOLLOW US**



LEGAL NOTICE - © DILITRUST 2018. ALL RIGHTS RESERVED

11:22:11 AM 10/9/2018                    https://www.dilitrust.com/en





## Going Digital with DiliTrust's Exec Board Portal

**YOUR BOARDROOM AT YOUR FINGERTIPS – ANYWHERE AT ANY TIME**

Our board portal provides an efficient and secure method for board members and executives to collaborate their ideas and information. With the platform being accessible in real-time and on demand, the users of DiliTrust Exec's online governance solution can showcase their expertise thanks to a collaborative framework.

**BRING YOUR BOARD MEETING TO THE NEXT LEVEL**

DiliTrust Exec was conceived by board members for board members. As a result, advanced management features, intuitive ergonomics and usability allows DiliTrust Exec to provide organisations with better corporate governance by quickly implementing recommendations from the board of directors. This benefits all levels of the organisation.

**HIGHLY SECURE COLLABORATION**

Our board management software is a collaborative platform that meets the most stringent international information security standards with its ISO 27001 certification. It also supports an archiving and backup policy that preserves data integrity, which is hosted on local ISO 27001 certified servers. Additionally, the data is not subject to the U.S. Freedom Act or U.S. Cloud Act, thus ensuring permanent control for your information access.

## DiliTrust Exec, a solution adapted to every kind of organization

Our board management software optimizes the schedules of board members and board staff. It offers board members a new way of collaborating: facilitating the transmission of information or board documents with a simple click to enhance the productivity of board and committee meetings.



**Unlimited Access**

Wherever you are, you will have secure

**Advanced Collaboration**

The board portal's features include

**User-friendliness**

Our goal has been to design an easy-to-





and confidential access to all boards and committees, with or without internet connection. This is possible thanks to the offline-mode of the board portal.

**Environmental Responsibility**

By eliminating the need for paper files and reducing travel for meetings, our board management software enables organisations to achieve a higher level of environmental responsibility and to accomplish common objectives in a sustainable manner.

**Tablet Application**

Whether on your tablet at home, at the office or while travelling, the DiliTrust Exec board portal is always at your fingertips. Anywhere, anytime! The tablet application is available on iPad, Android and Windows, thus guaranteeing usability.

**Multilingual Interface**

Our board management software is available in English, French and Spanish. A multilingual platform is part of our development strategy and reflects our vision of better governance worldwide.



Need more information about a DiliTrust solution?

Contact our experts!

CONTACT US →

## Our Clients

Let technology enter your boardroom and join the many organisations already using our solution.



## DiliTrust Exec at Your Service

Our board board management software streamlines your corporate governance practices and your board management process



ADMINISTRATION

GOVERNANCE

DiliTrust Exec's board management software optimizes the organisation of meetings. With only a few clicks, corporate secretaries can create the agenda of a board meeting, add board documents and notify directors to consult them.



**DILITRUST** Exec

To learn more about our Board Portal, please contact one of our experts.

REQUEST A DEMO →

## On the DiliTrust Blog

Read our latest posts about corporate governance best practices.







**BLOG**                    30.08.2018

**8 Tips to Successfully
Adopt a DiliTrust Board
Portal**

READ MORE

**BLOG**                    12.09.2018

**Refresh Your Board
Assessment**

READ MORE

**BLOG**                    01.08.2018

**Legislation Changes:
Keeping up with Data
Security in the U.S.**

READ MORE

MORE ARTICLES          CONTACT AN EXPERT

How can we help you?                              CONTACT US!

**DILITRUST**

**CONTACT**                **SOLUTIONS**              **FOLLOW US**

Europe                     DiliTrust Governance
North America              DiliTrust Exec
Middle East                DiliTrust Data Room
                           DiliTrust eBAM
                           DiliTrust MFT
                           DiliTrust Letreco

LEGAL NOTICE - © DILITRUST 2018. ALL RIGHTS RESERVED

1:36:12 PM 10/9/2018                         https://www.dilitrust.com/en/solution/exec/







## Our Clients

    

DiliTrust eBAM, serving your business




TREASURY

INTERNAL CONTROL

DiliTrust eBAM provides centralized management of information related to cash flow authorities and associated delegations of signatures. The solution ensures complete control of all banking relationships at a group level, and offers real-time visibility and control of all functions related to opening, closing, managing and tracking bank accounts and signatories.

How can we help you?

CONTACT US!

**DILITRUST**

CONTACT

Europe
North America
Middle East

SOLUTIONS

DiliTrust Governance
DiliTrust Exec
DiliTrust Data Room
DiliTrust eBAM
DiliTrust MFT
DiliTrust Letreco

FOLLOW US

in

LEGAL NOTICE - © DILITRUST 2018. ALL RIGHTS RESERVED

1:33:41 PM 10/9/2018                                    https://www.dilitrust.com/en/solution/ebam/



Google Play

Apps

Categories ▾   Home   Top Charts   New Releases

My apps
**Shop**

Games
Family
Editors' Choice

Account
My subscriptions
Redeem
Buy gift card
My wishlist
My Play activity
My wishlist
My Play activity
My wishlist
My Play activity
My wishlist
My Play activity

Buy gift card
My wishlist
My Play activity

My wishlist
My Play activity

My wishlist
My Play activity

My wishlist
My Play activity

My wishlist
My Play activity
My wishlist
My Play activity
My wishlist

My Wishlist

My Wishlist

My Wishlist

My Play activity
My wishlist

My Play activity
My wishlist

My Play activity
My wishlist



# DiliTrust Exec

**DiliTrust**   Productivity

★ ★ ★ ★ ★ 1 👤

🎁 Everyone

⊞ Add to Wishlist     **Install**



Digitize your board of directors to secure and streamline your board management processes.

Enhance the management of your board and executive committees' meetings for an efficient corporate governance. Our board portal meets the most stringent priorities in terms of data security, compliance and efficiency.

Users have instant and secure access to the board portal on computers, laptops or tablet to consult agendas and find any board documents for a more efficient decision making process.

Your boardroom at your fingertips – anywhere at anytime

Our board portal provides an efficient and secure method for board members and executives to collaborate their ideas and information. With the platform being accessible in real-time and on demand, the users of DiliTrust Exec's online governance solution can showcase their expertise thanks to a collaborative and performant framework.

Bring your board meetings to the next level

DiliTrust Exec has been conceived by board members for board members. As a result, advanced management features, intuitive ergonomics and mobility allows DiliTrust Exec to provide organizations with better corporate governance by quickly implementing recommendations from the board of directors. This to benefit all levels of the organization.

Highly secure collaboration

Our board portal is a collaborative platform that meets the most stringent international information security standards with its ISO 27001 certification. It also supports an archiving and backup policy that preserve data integrity, which is hosting on local ISO 27001 certified servers. Additionally, the data is not subject to the U.S Freedom Act, thus providing a permanent control on the information access.

**WHAT'S NEW**
Leading Boards becomes DiliTrust Exec

| | | |
|---|---|---|
| **Updated** | **Size** | **Installs** |
| September 27, 2018 | 10M | 100+ |
| **Current Version** | **Requires Android** | **Content Rating** |
| 3.4.4 | 5.0 and up | Everyone |
| | | Learn More |
| **Permissions** | **Report** | **Offered By** |
| View details | Flag as inappropriate | DiliTrust |

**Developer**

Visit website

support@exec.dilitrust.com

Privacy Policy

My Play activity

Parent Guide